By the Chancellor.
This is a writ of error to the supreme court to reverse a judgment given upon certiorari directed to a judge of the court of common pleas, to review the proceedings had before him under the article of the revised statutes relative to summary proceedings to recover the possession of land. 2 R. S. 511. I do not concur in the opinion expressed by the learned judge who gave the reasons for the decision of the court below, that the court of which he was a member had no authority to examine the correctness of the decisions of the judge before whom the proceedings were instituted, upon questions of law which arose and were decided in the course of such proceedings. The attention of the supreme court had not probably been directed to the fact that their powers in this case were-not restricted to what the common law gave to that court upon an ordinary certiorari to correct the proceedings of an inferior tribunal. The forty-seventh section of the article of the revised statutes under which this proceeding was instituted, 2^ R. S. 516, gives to the supreme court authority to award a certiorari for the purpose of examining any adjudication made on an application under that ar. tide ; and the next section authorizes the court to award costs upon the reversal or quashing of such proceedings, and of course the adverse party will also be entitled to his costs if he succeeds in sustaining the decision of the judge a quo, under the general provision of the revised statutes giving costs to the defendant where the plaintiff would have recovered costs if he had obtained a judgment in his favor in any suit or proceeding. 2 R. S. 605, § *617 16. It is evident therefore, that the legislature did not intend in these eases to limit the powers of the court, as in the case of a czrtiorari at common law, to the mere questions of the jurisdiction of the in- [ *618 ] ferior tribunal, and the regularity of its proceedings ; but that, on the contrary, they intended to give to the supreme court full and competent power to examine, upon the merits, every decision of the judge a quo, upon a question of law, and to affirm, reverse or quash the proceedings, as justice should require ; and also to award costs to the prevailing party, which they are not authorized to do upon a mere common law certiorari. The power to review the adjudications of the inferior tribunal on the merits, upon certiorari, gives to the appellate court, as a necessary incident to the proper exercise of that power, the right to require the inferior tribunal to return upon the certiorari such parts of the proceedings as are material to the examination of the case upon its merits. If it was erroneous, therefore for the judge to tell the jury, that the acceptance of rent which accrued subsequent to the time of the termination of the tenancy specified in the notice to quit, was no evidence of a waiver of such notice, the supreme court was authorized to reverse the adjudication upon that ground alone.
I think the affidavit upon which the proceedings were instituted did not show a case of mere tenancy at sufferance or at will, but a holding from month to month. It appears by the affidavit that Prindle went into possession under an agreement for a written lease, for the term of one year and eight months from the first of September, 1835, and that a few days after he entered into possession he violated the agreement by refusing to accept the lease and execute the counterpart thereof. By that act he became a mere tenant at will or by sufferance, and liable to be ejected immediately. Hegan v. Johnson, 1 Taunt. 149. And he would have continued so, if Anderson had not changed the character of that tortuous holding by receiving rent from him, subsequent to that time, from month to month, at the rate specified in the verbal agreement for a lease. Had it been competent for the owner of land to make a verbal lease for a longer period than one year, under the provisions of the revised statutes, this acceptance' of rent by the landlord, at the rate specified in the original agreement for a written lease would probably be construed to have been a waiver of the agreement to execute a written lease and counterpart [ *619 ] thereof, and to convert the contract into a verbal agreement for a lease for the same period and at the same rent. But as such an agreement would not be valid, the legal construction of the acts of the parties, in accepting and paying rent monthly, was to create a tenancy from month to month, commencing on the first of September, 1835. The tenant was therefore entitled to a month’s notice to quit at the end of some month from the commencement of the tenancy. A notice served on the fourth of April, to *619 quit at the expiration of thirty days, or within thirty days, was not sufficient. It is well settled, that where there is a tenancy from year to year, a notice to quit at the expiration of six months is not sufficient, unless that time corresponds with the commencement of the tenancy, so as to terminate a yearly holding. Where the tenancy is from week to week or from month to month a week’s or month’s notice to quit must be given. And in analogy to the notice in the case of a yearly holding, it must be given in reference to the commencement of the tenancy. Doe ex dem Parry v. Hazell, 1 Esp. R. 94. Here the tenancy from month to month commenced on the first of September. The notice to quit, therefore, if intended for the first of May, should have been served on or before the first of April ; and if intended for the first of June, it should have required the tenant to quit at that time, and not within thirty days after service of the notice. No regular notice to quit having been given, there was still a subsisting tenancy from month to month, at the time of the commencement of these summary proceedings to tur.n the tenant out of possession. It is wholly unnecessary, therefore, to consider the effect of the receipt of rent for the month of May, 1836, as a waiver of the previous notice which had been thus irregularly given.
For these reasons the summary proceeedings to turn the tenant out of possession were unauthorized and erroneous ; and the judgment of the supreme court, reversing the decision of Judge Wait, and awarding restitution should be affirmed.
The judgment of the supreme court was accordingly affirmed, by a vote of 12 for affirmance, 3 for reversal.