## Wilson *vs.* Martin.

The defendant, in the month of April, agreed by parol with the plaintiff, a boarding house keeper, for rooms and board for himself and family for one year from the 1st day of May ensuing, at a certain amount per week for the rooms, and another sum per week for board. The defendant having left within the year from dissatisfaction, and being sued for the stipulated price of the rooms to the end of the year; *held,* that the contract for the board and the rooms was entire, and if the defendant had good cause for leaving, on account of the plaintiff's neglect to furnish proper board, he was not bound to pay for the use of the rooms.

*Held also,* that the bargain for the rooms was not a lease of real estate, and did not create the relation of landlord and tenant between the parties.

The rule of damages in such a case, if the plaintiff was entitled to recover after the defendant had left the rooms, would not be the price stipulated to be paid, but only such damages as had resulted from the breach of the defendant's contract.

But *held,* that the agreement was one which by its terms was not to be performed within one year, and was therefore void by the statute for not being in writing.

Error to the New-York C. P. Martin sued Wilson in the court below in assumpsit upon a special contract, and the case, as proved by the plaintiff's daughter, was this: the plaintiff keeps a boarding house in the city of New-York, and on the 17th or 18th day of April, 1839, the defendant agreed to take rooms and board for himself and family in the plaintiff's house from the first day of May then next until the first day of May, 1840. The defendant was to pay $17 per week for the rooms, and $22 per week for the board. When the defendant was absent $7,50 per week was to be deducted from the price of board, and a like sum when the defendant's wife should be absent; and when the nurse and children were gone $7 per week was to be deducted from the price of board. In negotiating for the bargain the defendant offered $30 per week for the rooms and board; but the plaintiff asked $39, which the defendant finally agreed to pay. The payments were to be made weekly. The witness said the charges for rooms and board were separate and distinct. After the agreement was concluded, a further arrangement was made, by which the defendant was at liberty to come in immediately,

Wilson *v.* Martin.

withcut waiting for the first of May; and he did so. The defendant remained there with his family until the 17th June, 1839, when, being dissatisfied with the board, he quit the house and took lodgings elsewhere. The plaintiff afterwards brought a suit. against the defendant in the C. P., and recovered the amount of one week's board, which remained unpaid at the time the defendant quit the house; and also recovered for the use of the rooms up to the 13th of September, 1839, at $17 per week. In the present action the plaintiff claimed to recover the stipulated price for the use of the rooms from the 13th September, 1839, to the first day of May, 1840—the end of the year for which the parties had contracted. The defendant gave evidence tending to show that he was justified in quitting the house, for the reason that the board was not such as he had a right to expect. The court below decided that the former suit was no bar to the present one; that the contract was not void within the statute of frauds for not being in writing; that a hiring for a year by parol was good; and they left it to the jury to determine whether there were not two separate contracts— one for the rent of the rooms, and the other for board. The jury was further instructed, in substance, that if there was but one agreement for rent and board, and the defendant left because suitable board was not provided, then the plaintiff could not recover for the subsequently accruing rent of the rooms: but if the hiring of the rooms was totally disconnected from board, and the defendant was at liberty to board or not as he pleased, then the plaintiff might recover for the rent after the defendant quit the house. The court refused to charge that there was but one contract; and gave as the rule of damages the stipulated price for the use of the rooms, with interest, amounting to $629,03. The jury found a verdict for that sum, and the defendant brings error on a bill of exceptions.

*J. H. Magher,* for the plaintiff in error.

*W. S. Sears,* for the defendant in error.

*By the Court,* BRONSON, J.(*a*)  The court below seems to have gone upon the ground, that the jury was at liberty to treat the arrangement between the parties as constituting two distinct and independent contracts; one for the letting and hiring of rooms in the plaintiff's house, and the other for board: and under the instructions which the jury received, they may have found for the plaintiff, although they were perfectly satisfied, from the evidence, that the defendant was fully justified in leaving the house, for the reason that he was not provided with proper board.  I am, wholly unable to see that there was any more than one contract between the parties.  It provided for two things, to wit, rooms and board; and separate prices were affixed to each; but there was only one agreement.  The reason why different prices for each was mentioned, instead of one sum for the whole, is apparent.  There was to be an abatement in the plaintiff's compensation when the defendant, his wife, or the other members of the family should be absent.  As the contract was entire, the defendant would be fully justified in leaving the house, if the plaintiff neglected to perform that branch of the agreement which related to board.  It is impossible to maintain that when a man contracts for rooms and board, he must take and pay for one, although he cannot get the other.

Again.  This was nothing more than an agreement for board and lodging, with a designation of the particular rooms which the defendant was to occupy.  It was not a contract for the hiring and letting of real estate.  When one contracts with the keeper of a hotel or boarding house for rooms and board, whether for a week or a year, the technical relation of landlord and tenant is not created between the parties.  The lodger acquires no interest in the real estate.  If he is turned out of the rooms before the time expires, he cannot maintain ejectment; and while he remains, the hotel keeper cannot get his pay by distraining as for rent in arrear.  I repeat: this was nothing more than a contract for board and lodging.

Then as to the rule of damages.  If the plaintiff could re

_____

(*a*) This cause was decided at the July term, 1844.

Wilson *v.* Martin.

cover, she was not entitled, as a matter of course, to the stipulated price for the use of the rooms to the end of the year; but only to such damages as had directly and necessarily resulted from the breach of the contract. She could not refuse the rooms to other lodgers, leaving them idle, and then recover against the defendant as for use and occupation. (*Shannon* v. *Comstock*, 21 *Wend.* 457; *Heckscher* v. *McCrea*, 24 *id.* 304.) Although one party be chargeable with a breach of contract, the other party has no right to conduct in such a manner as to make the damages unnecessarily burdensome.(*a*)

But finally: The plaintiff was not entitled to recover any thing. She had already been paid—or at least had recovered—for all the time that the defendant occupied the rooms, and a good deal more. The contract was void for not being in writing. The statute extends to "every agreement that, by its terms, is not to be performed within one year from the making thereof." (2, *R. S.* 135, § 2.) This agreement was made on the 17th or 18th day of April, 1839, and it could not be fully performed until the first of May, 1840, which was more than a year from the making. True, performance was to commence in a few days; but it was not to be completed within the year. "Performed" is the word in the statute, and part performance within the year will not help the case. (*Bracegirdle* v. *Heald*, 1 *Barn. & Ald.* 723; *Boydell* v. *Drummond*, 11 *East;* 142; *Drummond* v. *Burrell*, 13 *Wend.* 307.) These cases are directly in point, and are decisive against the action. The court below went upon the ground, that a lease of lands by parol for a period not exceeding a year is good. (2 *R. S.* 138, § 8.) But there is no leasing of lands, or any interest in lands, in the case. As the contract was void, the plaintiff could only recover for the actual enjoyment; and for that, and more too, she has been paid already.

There are other good objections to this judgment; but enough have been mentioned. As the plaintiff cannot recover, a *venire de novo* would only lead to useless expense.

Judgment reversed.

(*a*) See also *Clark* v. *Marsiglia*, (*ante, p.* 317.)