Haviland agt. White.

## SUPREME COURT.

HAVILAND agt. WHITE AND WHITE, Overseers, &c.

On a common law certiorari, to review a special proceeding, although the return may contain the evidence and all the decisions made during the progress of the trial, or hearing below, the Supreme Court will only look into them so far as to determine whether the inferior tribunal has kept within its *jurisdiction* and proceeded *regularly.* Anderson vs. Prindle (23 *Wend.* 616), and Buck vs. Binninger (3 *Barb. S. C, R.* 391), commented upon.

*It seems,* that on a summary proceeding to compel a party to support a relative (1 *R. S.* 614), the Court of Sessions is not bound to hear evidence offered to show that the indigent person has a plausible ground for an action, by reason of his farm having been obtained from him by fraud.

Such a proceeding is within § 318 of the Code allowing costs in the Supreme Court, when brought there for review.

*Dutchess General Term, October* 1852—BARCULO, BROWN and STRONG, *Justices.* An application was made under the statute in relation to the "relief and support of indigent persons," by the defendants in error, as overseers of the poor, the Court of Sessions of the county of Dutchess, for an order requiring the plaintiff in error to relieve and support his father, Park Haviland, a poor person, and so old as to be unable to maintain himself by labor. A hearing was had before the Court of Sessions, witnesses examined, and an order made requiring the said George Haviland to pay the sum of one dollar and fifty cents a week for the support of his said father. George then sued out a common law certiorari to remove the proceedings into this court. The questions raised appear in the opinion of the court.

> JOHN ENO, *Plaintiff in error.*
>
> T. C. CAMPBELL, *for Defendants in error.*

By the Court, BARCULO, Justice.—On the hearing before the Court of Sessions, the overseers of the poor, by way of showing the poverty of Park Haviland, made proof that in 1848 he conveyed his farm to one Albert E. Haviland. In answer to this the counsel for said George Haviland offered to show "that said Park

Haviland agt. White.

Haviland was a lunatic at the time he executed the deed to Albert E. Haviland."

The evidence was objected to by counsel for the overseers, and rejected by the court; and this is the only error complained of before us.

The most obvious answer to the argument which calls upon this court to reverse the proceedings, for an error of the character set forth in this return, is, that a common law certiorari properly removes only the record or other entry in the nature of a record; and does not bring up for review the merits of the proceedings (The People vs. Mayor of New York, 2 *Hill*, 9). And although the return may contain the evidence and all the decisions made during the progress of the trial or hearing below; this court will only look into them so far as to determine whether the inferior tribunal has kept within its *jurisdiction*, and proceeded *regularly*. We can not review a decision as to the admission or rejection of evidence, or instructions given to a jury, or any other determination upon questions of fact or law, made by the court below, within its jurisdiction (Birdsall vs. Phillips, 17 *Wend.* 464; People vs. Judges of Dutchess, 23 *id.* 360; Prindle vs. Anderson, 19 *id*, 391).

I do not understand that this last case was *reversed* in the Court of Errors, as stated by Justice Willard in Buck vs. Binninger (3 *Barb. S. C. Rep.* 391). As I read the case in the Court of Errors (23 *Wend.* 616), the judgment of the Supreme Court was *affirmed* by a vote of *twelve* to *three*. It is true that the chancellor delivered an opinion adverse to that of the Supreme Court, upon the power of this court to go beyond questions of jurisdiction and regularity, on a certiorari, sued out under the statute authorizing summary proceedings to recover the possession of land; but whether that opinion was concurred in by the other members of the court does not appear. The judgment of the Supreme Court was affirmed, so far as the chancellor was concerned, on another ground. The same observations are applicable to the case of Niblo vs. Post's adm'rs (25 *Wend.* 280), in which the judgment of the Supreme Court was unanimously affirmed. It is not, however, necessary to sustain the decision of the Supreme Court in the case of Prindle vs. Anderson, to make

Haviland agt. White.

it an authority in this case, as the writ in that case was not a common law certiorari, but a statutory certiorari; and it was upon that ground that the chancellor differed from the Supreme Court. That case is here cited as containing a correct exposition of the law in relation to the province of a common law certiorari.

The difficulty under which counsel often labor, seems to be in applying the rule, and determining *what are questions of juris-diction.* We frequently hear it urged that the inferior tribunal had not the jurisdiction to make certain decisions, or do certain acts; when *nothing more is* meant than that the court would not without erring, make the improper rulings and orders complained of. It is hardly necessary to say that such use of the word is wholly unauthorized.

The true principle may be illustrated and applied to the case before us thus: if the overseers had failed to give the notice required by the second section (1 *R. S.* 614) of the act, the sessions would not have acquired jurisdiction of the matter. Or if, after having obtained jurisdiction by due service of the preliminary notice, and an application regularly made, according to the statute, the court had proceeded to make an order, without having any proofs or allegations of the parties, as required by the act, they would have deviated from the course pointed out by the statute, and such irregularity could be reached by the writ of certiorari. Or if, having heard the parties regularly and fairly, the sessions had ordered the plaintiff in error to be committed to jail, until he paid or secured the moneys necessary for the support of his father, this usurpation of a power not conferred by statute, would vitiate, and cause the proceedings to be reversed.

But so long as the Court of Sessions obtained jurisdiction of the matter in conformity to the law; and as long as they kept within the limits of the statute in their proceedings and final order, their decision can not be reversed for any errors, whether of law or of fact, which occurred during the investigation. The rejection of the evidence, therefore, offered by the plaintiff in error, however erroneous it may have been upon general principles, can not be made the ground of disturbing these proceedings.

I do not mean to say that the ruling of the court below was erroneous. On the contrary, my impression is that it was correct,

Haviland agt. White.

and that it would have been improper on such summary proceedings to have undertaken to ascertain the competency of Park Haviland to execute a deed in 1848. If at the time of the investigation he was destitute of visible or known means of subsistence, it was sufficient to warrant the order made; although he might have had a plausible ground for an action, by reason of his farm having been obtained from him by fraud. But it is unnecessary to pursue this branch of the subject, as we design to rest our judgment upon the point already discussed.

A new question next arises, as to the matter of *costs*. It is quite clear that at common law costs were *not allowed* upon a *certiorari*. But it is contended that the Code has abolished that rule. Section 318 provides that, " when the decision of a court of inferior jurisdiction, in a special proceeding, shall be brought before the Supreme Court for review, such proceeding shall, for all the purposes of costs, be deemed an action at issue, on a question of law, from the time the same shall be brought into the Supreme Court, and costs thereon shall be awarded and collected in such manner as the court shall direct, according to the nature of the case." After a good deal of consideration and considerable hesitation, I have come to the conclusion (in which my brethren concur) that this section includes cases like the present. That this proceeding before the Court of Sessions is a *special* proceeding, within the meaning of the section, is manifest from the definition of that term given by the Code itself. It divides all remedies into " actions " and " special proceedings." It defines an action to be " an *ordinary* proceeding in a court of justice by which a party prosecutes another," &c.; and then declares that " *every other remedy* is a special proceeding " (§ 1, 2 and 3).

It is not only a special proceeding, but it is " brought before the Supreme Court for review." It is true that the court refuses to review the merits; but this court would review any errors apparent upon the record, and reverse the proceedings, if it could be shown that the court below had overstepped its powers. It is also true that the question is raised upon a return to a certiorari; that this is the only mode by which these and many other special proceedings, can be removed from courts of inferior

jurisdiction. There may be cases where the statute provides for an appeal, or some other mode of reviewing proceedings: but it is undeniable, that in most cases a certiorari alone will reach them. Hence we must conclude that the authors of the Code intended to include cases of this description; otherwise the section would not operate upon the great majority of cases brought to this court for review.

The proceedings below must, therefore, be affirmed with costs