Greene v. Waggoner.

---

### JOSEPH W. GREENE *v.* SAMUEL WAGGONER.

In an action to recover the price agreed to be paid for the use of lodging rooms rented for a specified period, it is not necessary to show affirmatively an inability to rent the rooms, during the time the party hiring refused to occupy them.

The recovery in such a case, however, will be limited to the damages actually sustained, and where it is shown that any money has been or might have been obtained from the use of the rooms, for lodging purposes, by others, while they remained thus vacant, the recovery will be lessened accordingly.

But the burden of showing that anything has been, or might have been thus realized, rests upon the defendant.

The burden of proving a fact rests upon the party who asserts it; and especially is this so when he is to be benefitted by it when shown.

The case of *Wilson* v. *Martin* (1 Denio, 602,) examined and limited.

APPEAL by the defendant from a judgment entered upon the report of a referee in favor of the plaintiff. The facts of the case fully appear in the opinion of the court.

*R. A. Watkinson,* for the appellant.

*Charles H. Smith*, for the respondent.

By the Court, HILTON, J.—The defendant hired of the plaintiff two lodging rooms, in the hotel known as the Smithsonian House, for the period of six months, at the stipulated price of six dollars per week. The rooms were heated by steam pipes, and were furnished with gas, the use of which was permitted without extra charge. After occupying the rooms eight weeks, and paying for the time occupied, the defendant left, and gave notice to the plaintiff "that he would not occupy them any more." It appeared on the trial before the referee that the rooms were kept vacant for the defendant for the remainder of the period for which they were hired, and that the defendant might at any time have taken possession of, and used them. Upon this state of facts, the referee reported in favor of the plaintiff for the amount claimed, being the whole contract price for the use of the rooms for the residue of the term for which they were hired. No evidence was offered on the part of the defendant; and it did not appear that the plaintiff had an opportunity to rent the rooms during the period they were kept vacant, or that he might have rented them had any effort been made to do so.

From the decision of the referee the defendant has appealed, and insists that the plaintiff has shown no damage except such as resulted from his own act in keeping the rooms vacant; and in the absence of any proof of inability to rent the rooms after the defendant abandoned them, the plaintiff was not entitled to recover anything, and the referee erred in not giving judgment for the defendant.

To sustain this view the defendant relies upon the decision in *Wilson* v. *Martin*, (1 Denio, 602), which was an action brought upon a parol agreement, made on the 18th April, 1839, with the plaintiff, who was a boardinghouse keeper, for rooms and board for the defendant and his family, for one year from the first of May following. After occupying from the 1st of May to the 17th of June, the defendant became dissatisfied with the board, and quit

Greene v. Waggoner.

the house.   The plaintiff claimed to recover the stipulated price
for the use of the rooms, with board, for the residue of the year;
and for which, at the trial, a verdict was rendered.   On the
trial, and upon the appeal subsequently taken by the defendant,
he claimed that the contract was void, within the statute of frauds,
for not being in writing.   The judge who tried the cause decided
that it was not void, and so instructed the jury; but the Supreme
Court, upon the appeal, held otherwise; and the judgment was
reversed upon that ground alone, and that is all the court there
determined.

In delivering the opinion of the court, BRONSON, J., remarks
"that the plaintiff was not entitled, as a matter of course, to recover
the stipulated price for the use of the rooms to the end of the year.
He could not refuse the rooms to other lodgers, leaving them
idle, and then recover against the defendant as for use and occu-
pation."   And although the decision of the court was not put
upon this ground, yet I see no reason for disagreeing with the
views thus expressed by that learned judge, in a case where it
appears by the evidence that the plaintiff has so conducted.
But if he meant to say, as the defendant here claims, that the
plaintiff, to be entitled to recover at all in an action of this na-
ture, is bound to show affirmatively that he could not rent the
rooms to other parties during the period the defendant refused
to occupy them; then, with the greatest respect for the opinions
of that learned judge, I feel constrained to differ from him.

A party who enters into a valid contract, and refuses to per-
form it, is chargeable with such damages as naturally result from
the breach; and, as a general rule, in an action like the present,
to recover such damages, it is only necessary for the plaintiff to
show affirmatively the nature of the contract, his readiness to
perform it at all times during its continuance, and the breach on
the part of the defendant.   It is very true, as stated by Judge
BRONSON, in another part of the same opinion, that "a party has
no right to conduct himself in such a manner as to make the
damages unnecessarily burdensome where he seeks to recover
such damages from one who is chargeable with a breach of con-

tract;" and I may add that his recovery should in all cases be limited to such damages as appear necessarily to have resulted from the breach. And where it is shown that he has realized, or might have obtained, from the use of the rooms by others, in the manner which the defendant contracted to use them, any moneys which might be applied in extinguishment of the defendant's liability, his damages should be lessened to that extent. *Ashburner* v. *Balcher*, 3 Seld. 262. But the burden of showing such to have been the case rests upon the defendant; if any facts of this kind existed they are of an affirmative character, and if the defendant desires the benefit of them, he should have proven them. He is the party who has done the wrong—who has violated his contract; and as between him and the plaintiff, all presumptions of good faith and fair conduct should be in favor of the latter. *Starr* v. *Peck*, 1 Hill, 273.

Upon the general principle that the burden of proving a fact rests upon him who asserts it, and who is to be benefitted by it when shown, and for the other reasons I have stated, I am of opinion that the plaintiff showed, on the trial, sufficient to entitle him to recover ; and if the defendant relied upon the alleged fact that the plaintiff purposely kept the rooms vacant when he might have rented them, in mitigation or extinguishment of the damages arising from his breach of contract, it was his duty to prove it. *Costigan* v. *Mohawk & Hudson RR. Co.*, 2 Denio, 608.

The referee decided correctly, and the judgment entered upon his report should be affirmed.

Judgment affirmed.