Banks v. Carter.

---

CHARLES BANKS, Appellant, *against* WELLINGTON A. CARTER, Respondent.

(Decided January 7th, 1878.)

Under a complaint for damages resulting to plaintiff from defendant's leaving cumbersome property on demised premises after expiration of term, alleging that plaintiff did not receive possession until after the 2d of June, and was deprived of the benefit and enjoyment of the premises until the 18th of June, an answer counter claiming damages for a wrongful entry on or about the 2d day of June, and a reply denying generally the allegations of the answer constituting the counter claim, the plaintiff may give evidence of a peaceable entry with the defendant's consent on the 9th of June, and such evidence is not inconsistent with the plaintiff's pleadings, and a submission of the question of fact as to such peaceable entry and consent to the jury is proper under the issues raised.

A reargument will not be granted except where some question decisive of the case and duly submitted by counsel has been overlooked by the court, or where the decision made is in conflict with an express statute or a controlling decision, to which the attention of the court was not called by counsel.

*It seems*, that the notice in writing given under 1 R. S. 745, §§ 7 and 8, to terminate a tenancy at will or by sufferance, cannot be served by leaving it at the tenant's place of business (not being his residence) while he is absent therefrom.

*It seems*, that a tenancy from month to month, which by special agreement can be terminated upon a notice of thirty days, is in the nature of a tenancy at will, and that the notice to terminate it must therefore be given in the manner prescribed by 1 R. S. 745, §§ 7 and 8.

*It seems*, that in tenancies from month to month the thirty days of notice does not run from the day of service, but the statute requires the service to be made thirty days before the expiration of a month of tenancy ; thus, notice served on the 25th of April would terminate the tenancy on the 26th of May, the latter day being the end of a month of tenancy, *i. e.*, the day when the monthly rent is payable.

APPEAL from a judgment of this court, entered upon a verdict in favor of the defendant, Carter, rendered at a trial at trial term before Judge ROBINSON and a jury, and from an order denying a motion for a new trial on the minutes.

The action was brought to recover arrears of rent, and for damages arising from the defendant's leaving cumbersome personal property on the premises after the expiration of notice to quit, whereby plaintiff was deprived of the interest on purchase money until the property could be removed and a purchaser put in possession, and for money expended by plaintiff in removing the personal property encumbering the premises.

The answer denied notice of the termination of the letting, and counter claimed damages for a wrongful entry by plaintiff and for injuring and removing defendant's property. The exceptions argued upon the appeal were to the judge's charge, and particularly to his refusal to leave to the jury questions of fact arising on the evidence as to whether or not the defendant had waived notice, and peaceably given up possession to plaintiff. The jury gave a verdict for the defendant for $500.

*Anderson and Man*, for appellant.

*George P. Avery*, for respondent.

CHARLES P. DALY, Chief Justice.—The tenancy was one of uncertain duration. It was, as the plaintiff's counsel conceded upon the trial, a tenancy from month to month, which

the parties had agreed could be determined by the landlord upon a notice of thirty days. Being thus in the nature of a tenancy at will, the thirty days' notice had to be given in the mode prescribed by the Revised Statutes, 1 Rev. Stat. 745, §§ 7, 8,—that is, by delivering a notice in writing to the tenant or to a person of proper age residing on the premises, or if the tenant could not be found, and there was no person residing upon the premises, then by affixing the same on a conspicuous part of the premises, where it might be conveniently read. Even at the common law, if personal service of such a nature could not be effected, it had to be left with the wife or servant of the tenant at his usual place of residence, whether on the demised premises or elsewhere, and its contents explained. (*Jones* v. *Marsh*, 4 T. R. 464; Taylor's Landlord and Tenant, § 484, 5th ed.) The notice in this case was not properly served. A notice in writing was left at the defendant's place of business, which was not delivering the notice to the tenant as required by the statute. This was the case with the letter of the 12th of April, 1873. When the one of the 26th of May, 1873, was left, the defendant appears to have been present, but that notice was not sufficient to warrant the plaintiff's entry on the 9th of June, 1873, being a notice only of fourteen days.

The defendant admitted that he had received both letters. The actual receipt of the notice of the 12th of April by the defendant, though not delivered to him by the messenger personally, might perhaps have been sufficient if the time when he received it had appeared. If it had appeared that he had received it at any time before the 26th of April, the 26th of the month being the day when the monthly rent was payable, it might have been sufficient, for in tenancies from month to month, the thirty days does not run, as the plaintiff claimed, from the day of the service of the notice, but the statute means thirty days before the expiration of a month. Thus, notice served on the 25th of April would terminate the tenancy on the 26th of May thereafter, this being the end of the month, or the day when the monthly rent was payable. (*Anderson* v. *Prindle*, 23 Wend. 616

---

---

*Botsford* v. *Darling*, 47 N. Y. 666; *Burns* v. *Bryant*, 31 id. 453; *People* v. *Schackno*, 48 Barb. 551.) That he had actually received such a notice, however, could not be inferred, it not appearing when the letter of the 12th of April came to his knowledge.

If this were all there was in the case the judgment would have to be affirmed; but I think there was a question of fact which the plaintiff was entitled to have submitted to the jury.

The defendant, as I have said, admitted that he had received both notices, as well that of the 12th of. April as that of the 26th of May; so that he not only had actual notice that the plaintiff wanted the possession in thirty days, but when the plaintiff, on the 26th of May, sent a further letter advising the defendant that he had already been notified on the 12th of April that the plaintiff wanted possession of the lots, and that he then, on the 26th of May, wanted them immediately, the defendant told the messenger who brought the last letter, that " the place was open to go into at any time the plaintiff wanted it; " and the plaintiff testifies that the defendant said to him two days before the plaintiff entered, or on the 7th of June, the entry being on the 9th: " You can have them (the premises). I will get out and give you possession," and that the defendant gave him possession then and there, upon which the plaintiff sent for his coachman and put him in possession. This the defendant denied, and testified that he had no recollection of having told the plaintiff's messenger what the messenger swore to. This conflict involved a question of fact, which the jury alone could pass upon ; and if the fact were that the defendant told the plaintiff he might enter, the entry was not unlawful. The defendant, if he thought proper, might even waive the thirty days' notice; but having admitted that he received the letter of the 12th of April his consent, under such circumstances, given after the thirty days had expired, was sufficient to show that the plaintiff's entry on the 9th of June was with the defendant's permission, and consequently lawful; that he was, even before the 9th of June, lawfully

in possession with the defendant's consent. The plaintiff asked to have the question of fact submitted to the jury, whether the plaintiff entered forcibly or peaceably took possession, with the defendant's consent; which the court refused, holding, as matter of law, that the plaintiff was not justified in removing the defendant's goods; to which the plaintiff excepted. The plaintiff then requested the court to charge that if the tenant gives up peaceable possession the landlord has a right to remove such articles as he may find on the premises, which the court also refused, and the plaintiff excepted.

It is insisted that the plaintiff was not entitled, under his pleadings, to have any such question submitted to the jury, and that the ruling of the judge was therefore right. The complaint was for two causes of action. The first count was to recover $148 88 for the rent of the premises from the 26th of March to the 27th of June, 1873, which was allowed to the plaintiff in the verdict. In the second count the plaintiff averred that on the 12th of April, 1873, he notified the defendant to surrender the possession of the premises in thirty days from that date, which the defendant refused to do, and that he did not recover the possession of them until after the 2d of June, 1873; that the defendant had stored an immense quantity of personal property upon the premises, in consequence of which the plaintiff could not put the purchaser in possession on the 2d of June; that he then, on the 2d of June, notified the defendant to remove the property, or that he, the plaintiff, would remove it, and hold him responsible for the damages; but that the defendant refused to remove it, which the plaintiff had to do; whereby he was deprived of the beneficial use and enjoyment of the premises until the 18th of June, and put to loss and expense to the amount of $622 74.

The defendant by his answer denied that any notice had been served by the plaintiff, terminating the tenancy, and averred that the plaintiff, on or about the 2d of June, forcibly ejected the defendant to his damage $3,000. To which the plaintiff replied by a general denial.

The evidence of a peaceable entry by the plaintiff on the 7th or 9th of June, with the defendant's consent, was not inconsistent with these pleadings. All that the complaint averred was that the plaintiff did not receive or recover the possession of the premises until after the 2d of June, which was the fact, the plaintiff's entry being on the 9th of June ; and that he was deprived of the benefit and enjoyment of them until the 18th, in consequence of the large amount of property there which the defendant did not and the plaintiff had to remove. This is not inconsistent with a consent on the part of the defendant, on the 7th of June, that the plaintiff might take possession, and his taking possession in pursuance of that consent on the 9th of June. He claimed in his complaint that he had served notice on the 12th of April, setting up that he was entitled to possession in thirty days thereafter. In this he failed, but was not cut off by his pleading from showing that he did not eject the defendant, as the defendant set up in his answer, on the 2d of June, but entered with the defendant's consent on the 9th of June. In other words, in his complaint he averred that he did not recover possession until after the 2d of June ; and in his reply denied the averment in the answer that he had unlawfully, with force, ejected the defendant on the 2d of June. It was entirely consistent with the complaint and the reply to show that he entered peaceably, with the defendant's consent, on the 9th of June, the day, in fact, when he did enter, and began to remove the defendant's property.

I think, therefore, that new trial will have to be granted.

VAN HOESEN, J., concurred.

Judgment reversed and new trial ordered.

A motion for reargument was afterwards made and denied. Upon the decision of that motion the following opinion was given.

CHARLES P. DALY, Chief Justice.—A reargument is

granted only where some question *decisive of the case* and duly submitted by counsel was overlooked, or where the decision is in conflict with an *express statute* or a *controlling decision,* to which attention was not called by counsel. (*Curley* v. *Tomlinson,* 5 Daly, 283.) Nothing of this kind appears in this application. It is, in fact, a motion to argue the case over again upon a point carefully considered and passed upon by the general term.

The question was fully considered, whether the plaintiff was entitled or not, *under the pleadings,* to have, under the evidence, the question submitted to the jury, whether the defendant had not voluntarily given up the possession, and so terminated the tenancy before the 9th of June, when the plaintiff removed the defendant's property, after previously notifying him to remove it. We referred, in the opinion of the court, especially to the defendant's point, that it was inconsistent with the pleadings to have any such question submitted to the jury, and we held that it was not at all inconsistent. It was not a question of entry by license, nor did it involve any such question as a casual or involuntary trespass, where single damages only and not treble are recoverable (2 R. S. 338, §§ 2, 3, 4), which is what I suppose the defendant's counsel refers to. It was a question whether there was any trespass at all; which there certainly was not, if the plaintiff on the 9th of June was in possession, the defendant having previously consented that the tenancy should terminate, and the plaintiff take possession. The defendant assumes that we overlooked the date (the 26th of May) of the statement made by the defendant to the plaintiff's messenger, although, in the opinion of the court, the date is expressly stated. The counsel calls our attention to the averment in the complaint that the defendant remained in possession until the 2d of June; and he himself has overlooked the fact, or has not referred to it; that the plaintiff swears that after this, that is, on the 7th of June, the defendant told him he could have the premises, which was a consenting on his part that the tenancy should terminate, as the plaintiff had requested, and made the subsequent taking of pos-

session by the landlord lawful. What the plaintiff really wants is to argue the case over again ; as he has not called our attention to any thing which has not been fully considered and passed upon the application should be denied.

JOSEPH F. DALY and VAN HOESEN, JJ., concurred.

Motion denied with costs.