THE PEOPLE OF THE STATE OF NEW YORK ex rel. VIRGINIA G. SANFORD, Tenant, Appellant, v. FREDERICK G. GEDNEY, Justice, etc., and EMILIE L. SIMMONS, Landlord, Respondents.

*Notice to quit—requirement of.*

Where it is stipulated that the tenant shall quit on ten days' notice, such notice must be precise and definite as to the time when the surrender is required to be made. A notice requiring the tenant to surrender possession " as soon as practicable" is insufficient.

CERTIORARI issued to review summary proceedings, instituted by the respondent, Emilie L. Simmons, and resulting in the removal of the relator, Virginia Sanford, from the possession of certain demised premises.

*W. H. MacDougal*, for the relator.

*H. M. Whitehead*, for the respondent.

DANIELS, J. :

The proceedings to remove the tenant were instituted on the averment that she was bound to leave and surrender the demised

premises upon ten days' notice from the lessor; that such notice was given and the tenant continued to hold over.   Both these facts were denied by the tenant in her affidavit, made in response to that on which the summons was issued.   And for the purpose of sustaining the allegation that ten days' notice to quit the demised premises had been served; the following notice was given in evidence:

"Mrs. Sanford :
    "Dear Madam : Mrs. Simmons claims that you are the party in default of contract, and requests me to notify you that she desires you to surrender possession of the apartments you now occupy in her house as soon as practicable, and she hopes you will do so without further notice.
                                "Respectfully yours,
"January 4th, 1878.                       "Z. E. SIMMONS."

Precisely when it was served was not shown, but it was stated, in the lessor's affidavit, to have been on or about the 14th day of January, 1878, and that more than ten days had elapsed on the sixteenth day of the same month, when the affidavit was sworn to, since such service.   This statement involved something of a discrepancy, but it may, neverthless, have been true that the notice was served more than ten days before the summons was issued, which was on the seventeenth day of the month.   But the objection has been taken that this notice did not terminate the tenancy; and that seems to be well founded, for no time was mentioned in the notice when the tenant was required to surrender the possession, neither was it stated that the surrender was required at the end of ten days from the time of the service of the notice.   It, in fact, contained nothing apprising the tenant of the fact that she was required to surrender the premises at any particular time; it was merely that she would do so as soon as might be practicable, which left the time to be controlled entirely by circumstances.   The law, on the other hand, seems to be tolerably well settled, that a notice given for the purpose of ending the tenant's term must be precise and definite as to the time when the surrender is required to be made.   As much as that was clearly

implied in the stipulation—if that, in fact, was ever made—that the tenant was to quit on ten days' notice. This subject was examined in the case of *Currier* v. *Barker* (2 Gray, 224), where it was held that a notice, very much like' the one now relied upon, was not sufficient. As to that notice, it was said, " the notice in terms was to quit and deliver up the premises, fixing no time by naming a day or otherwise, and therefore operated as a demand to quit and deliver up the same forthwith, and is not distinguishable from the cases before decided." (Id., 226, 227.) And substantially the same principle was applied in *Anderson* v. *Prindle* (23 Wend., 616). For this reason, even if the tenant had agreed to leave upon a ten days' notice to quit, which was controverted with a decided degree of probability in favor of the defendant's position, the term was not ended when the proceedings were commenced by the service of such a notice as the stipulation required should be given. The proceedings should consequently be reversed with costs, but as the year for which the premises were in terms demised, subject to the alleged stipulation for its earlier termination, expired on the 1st day of October, 1878, no restitution can be awarded to the tenant. (*Chretien* v. *Doney*, 1 Comst., 419.)

INGALLS, P. J., and POTTER, J., concurred.

Proceedings reversed, with costs.