JOSEPH L. GUNHOUSE, Appellant, v. MAX FRAENKEL, Respondent.

*Gunhouse* v. *Fraenkel*, 153 App. Div. 359, affirmed.
(Argued April 3, 1914; decided June 2, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 27, 1912, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant.

*Carl E. Peterson* and *Frederick S. Martyn* for appellant.

*Jeremiah J. Coughlan* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts, without opinion by the court.

Concur: WILLARD BARTLETT, Ch. J., WERNER, CUDDEBACK, HOGAN and CARDOZO, JJ. Not voting: HORNBLOWER, J.

COLLIN, J. (dissenting). The action is to recover the damages sustained by the plaintiff through personal injuries resulting, as the plaintiff alleges, from the negligence of the defendant.

The plaintiff's injuries came from the fall of a swinging scaffold while he was upon it painting an advertising sign upon the exterior wall of a brick, three story building owned by the defendant. The defendant had executed to the firm of Sholtz & Atkinson a writing by which, in consideration of the sum of ten dollars per year, payable yearly, he "leases" to them the "side wall of " the building above referred to "for the term of one year with privilege of renewal * * * for a further period of one year upon the same terms and conditions." The writing provided further that "in case of sale, improvement, or obscurement of the said premises in any way, this lease is hereby cancelled," the rent paid to be returned "*pro rata* for the unexpired term of this lease." The firm had employed one Singer to paint a sign upon this side wall and the plaintiff as the employee of Singer was engaged in the work when injured. The swinging scaffold was hung from the top of the wall, which extended eighteen inches above the roof, by hooks passing over its top, to which ropes attached to the scaffold were fastened. That part of the wall over which one of the hooks passed gave way. There was evidence that the wall was, and a reasonable inspection would have shown it to be, defective. The court submitted to the jury the usual questions as to the negligence of the defendant and the freedom of plaintiff from contributory negligence.

The question of law presented by the briefs of counsel and the record is: Did the defendant, upon the facts most favorable to plaintiff, owe to the plaintiff any duty relative to the use of the wall by the plaintiff other than that of abstaining from willful or intentional injury?

We must primarily determine the relation which existed between the defendant, as the owner of the building, and the firm of Sholtz & Atkinson. The language of the writing between them has been referred to. In addition, this paragraph of the complaint is admitted by the answer: "That at the times hereinafter mentioned (which include that of the accident), the defendant Max Fraenkel had let to the defendants Sholtz & Atkinson, and said defendants Sholtz & Atkinson had hired from the defendant Max Fraenkel, one of the brick walls or sides of the aforesaid building Number 1023 Myrtle avenue, for advertising purposes."

While the language of the writing executed by the defendant to the firm and of the quoted paragraph of the complaint is fit and apt to denominate the relation between those parties as landlord and tenant, the true relation between them was that of licensor and licensees. The use of terms, in creating the relation, which are appropriate and common in leases, cannot fix the nature of the right created or change its real character. The essence of a lease is the divesting by the lessor and the assumption by the lessee of the possession of, but not the title to, the property. No precise words are necessary to constitute it. Those which express the intention that the one party shall divest himself of the possession of the property, and the other party shall take it for a determinate period of time effect a lease. The occupation or possession of a lessee is that of a purchaser and owner of an estate or interest in the property, is not under the owner or lessor, but is against him as well as all others. (*Roberts* v. *Lynn Ice Co.*, 187 Mass. 402; *Presby* v. *Benjamin*, 169 N. Y. 377; *Wilson* v. *Marlin*, 1 Denio, 602; *Jackson* v. *Harsen*, 7 Cow. 323.)

The firm of Sholtz & Atkinson were not given possession of or any interest in the wall or the building as against the defendant. The defendant did not surrender or terminate his possession, nor transfer to or vest in the firm any possession or right of possession. No estate or interest in the property was granted to the firm. For advertising purposes, they were given the right to use the wall. That result was the only occupation, or possession or dominion of the property acquired by them. Neither the wall, nor any part of it, can be properly said to have been in the tenure or occupation of the firm. They had no right as to it which would support an action in trespass or of ejectment. An agreement which passes no interest in or title to land, but only makes that action thereon lawful which without it had been unlawful is a mere license. A license is an authority to do a particular act or series of acts, upon another's land, without possessing any interest therein. (*Trustees of Southampton* v. *Jessup*, 162 N. Y. 122; *Mumford* v. *Whitney*, 15 Wend. 380; *Babcock* v. *Utter*, 1 Abb. Ct. App. Dec. 27, 47; *Pierrepont* v. *Barnard*, 6 N. Y. 279; *Jackson* v. *Babcock*, 4 Johns. 418; *Hodgkins* v. *Farrington*, 150 Mass. 19; *Eckert* v. *Peters*, 55 N. J. Eq. 379.) Sholtz & Atkinson were licensees not lessees. (*Lowell* v. *Strahan*, 145 Mass. 1; *Reynolds* v. *Van Beuren*, 155 N. Y. 120, 122; *Wilson* v. *Tavener* L. R. [1 Ch. 1901] 578; *R. H. White Co.* v. *Remick & Co.*, 198 Mass. 41.) There is, therefore, no room for the familiar principle of the law of landlord and tenant that the latter takes the premises as he finds them, in the absence of fraud or misrepresentation or concealed defects as to which the landlord owes a duty of information. (*Franklin* v. *Brown*, 118 N. Y. 110; *Daly* v. *Wise*, 132 N. Y. 306; *Booth* v. *Merriam*, 155 Mass. 521.)

The firm of Sholtz & Atkinson were, however, licensees of the defendant under an implied invitation. They had acquired from him for a valuable consideration the right to use the wall for advertising purposes which

necessarily embraced the right to place their sign upon it. He did not give merely a passive or express acquiescence that they as mere volunteers might place their sign upon the wall. He sold them his permission to use the wall. The relation between them inured to their mutual benefit. There was between them a mutuality of interest in the subject of the use of the wall, and, hence, there was on the part of the defendant an invitation to the firm to use it. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Pauenker* v. *Wakem*, 231 Ill. 276; *Franey* v. *Union Stock Yards Co.*, 235 Ill. 522; *Larkin* v. *O'Neill*, 119 N. Y. 221; *Hart* v. *Grennell*, 122 N. Y. 371; *Camp* v. *Wood*, 76 N. Y. 92; *Severy* v. *Nickerson*, 120 Mass. 306.) The plaintiff was in the same relation to the defendant which Sholtz & Atkinson held. He was not acting when he received the injuries merely for his own convenience or pleasure. He was engaged through and by reason of his employment in exercising the right given by the defendant, and in consideration of which he received ten dollars. His presence and action upon the swinging scaffold were, as the jury might have found, in accordance with the intention and design of the defendant and the firm when they made the agreement. He was there under that agreement and the right which it gave the firm and was an invited licensee of the defendant. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Sullivan* v. *Tioga R. R. Co.*, 112 N. Y. 643; *Wagner* v. *Brooklyn Heights R. R. Co.*, 69 App. Div. 349; affd., 174 N. Y. 520; *Illingsworth* v. *Boston Electric Light Co.*, 161 Mass. 583; *Chicago T. T. R. R. Co.* v. *Vandenberg*, 164 Ind. 470.) The defendant owed to him the duty of exercising reasonable care and prudence in securing his safety. He, as the owner of the wall, having invited the plaintiff to use the same, was liable in damages to him, if free from contributory negligence, for injuries occasioned by an unsafe condition of the wall if such condition was known to defendant or in the exercise of reasonable care ought to have been known to him.

There was evidence tending to show that the wall was in a defective and unsafe condition, discoverable by the defendant by the use of reasonable care, that the defendant ought reasonably to have apprehended that the wall would be used as it actually was and that the plaintiff was free from contributory negligence. All those matters were properly left to the determination of the jury.

The judgment of the Appellate Division should be reversed and that of the Trial Term reinstated and as reinstated affirmed, with costs in the Appellate Division and this court.