Edith Jacob, Appellant, v. Charles Jacob and Another,
Respondents.

County Court, Madison County, September 16, 1925.

**Summary proceedings to dispossess — rental of room at weekly rate
payable at end of each four weeks — tenancy is indefinite and thirty
days' notice of termination is required under Real Property Law, § 228.**

The judgment dismissing plaintiff's petition in summary proceedings to dispossess
is affirmed, since it appears that the plaintiff leased a room to the defendants
at a stated price per week, payable at the end of each four weeks, and that the
notice terminating the lease was not given thirty days before the termination
thereof, for the lease in question is for an indefinite period and is analogous
to one at will or at sufferance, which requires thirty days' notice of termination
under section 228 of the Real Property Law.

Appeal by the plaintiff from a judgment rendered on the 22d
day of April, 1925, by Clarence Conley, justice of the peace, dis-
missing, with costs, the plaintiff's petition in summary proceedings
for the removal of the defendants as tenants from the premises
described in the petition.

*George B. Russell,* for the appellant.

*Antonio G. Waldo* and *Royal D. Woolsey,* for the respondents.

Senn, J.:

The substance of the petitioner's petition is that on March
17, 1923, she was the lessee of the seven-room apartment on the
second floor of the F. T. Benjamin block in Canastota; that on
that date she leased to the defendants one bedroom of said apart-
ment, for their use and occupation, together with their board,
for a term of one month, at fifty dollars per month; that the defend-
ants continued as monthly tenants under said lease until December
17, 1924, including said date.

" That thereafter and during the months of December, 1924,
an agreement was made whereby the said Charles Jacob and
Barbara Jacob were to occupy the above described room and to
have their board with your petitioner at the rate of fifteen dollars
($15.00) per week payable every four weeks thereafter, which term
expired every four weeks at the option of your petitioner."

That the tenants occupied said room and boarded with the
petitioner from December 17, 1924, under the new arrangement
down to and including April 11, 1925; that on March 30, 1925,
the petitioner served notice on the tenants that their term would
expire on April 11, 1925, on which date they were required to
remove from and vacate said room, but the defendants held over

and continued to occupy said room, although the time named in the notice had expired.

It is claimed by the petitioning plaintiff that these facts constituted the defendants four-weekly tenants whose term expired at the end of each four weeks, analogous to monthly tenants, and hence that no notice, except possibly reasonable notice, was necessary to terminate the lease at the end of each four weeks' period.

This would undoubtedly be true under the original arrangement set forth, where the renting was for a single month and where each month that the tenants held over was for another month, so that the term expired at the end of each subsequent month of occupancy. (*Gibbons* v. *Dayton,* 4 Hun, 451; *Oppenheimer, Eisler Realty Co.* v. *Wendler,* 111 Misc. 177; *Ludington* v. *Garlock,* 9 N. Y. Supp. 24; *Hand* v. *Knaul,* 116 Misc. 714; *Adams* v. *City of Cohoes,* 127 N. Y. 175, 184; *Mandel* v. *Koerner,* 90 Misc. 9; *Witherbee, Sherman & Co.* v. *Wykes,* 159 App. Div. 24, 26.)

But under the new agreement as set forth in the petition, the defendants were four-weekly tenants for an indefinite period, that is to say, from four weeks to four weeks, analogous to month to month, at the option of the landlord. This is in effect the same as a tenancy at will or sufferance (*Witherbee, Sherman & Co.* v. *Wykes, supra; Hand* v. *Knaul, supra,* 717; citing *Banks* v. *Carter,* 7 Daly, 417), and under section 228 of the Real Property Law requires a notice of thirty days to terminate. The tenancy in question is also analogous to the common-law tenancy from month to month, which required a month's notice to terminate. (*Anderson* v. *Prindle,* 23 Wend. 616.) The petition not having alleged that the defendants were given thirty days' notice of the termination of the lease, I am of the opinion that it did not state facts sufficient to maintain the proceeding and that it was properly dismissed.

Having disposed of the case on that ground it is not necessary to consider whether the agreement set forth in the petition constituted the parties as landlord and tenant or mere boarding house keeper and boarders. If the latter, then the plaintiff could dispossess the defendants without resort to summary proceedings. The authorities as to what constitutes this relation are not altogether in harmony. (*Wilson* v. *Martin,* 1 Den. 602; *Oliver* v. *Moore,* 53 Hun, 472, 477; *Gunhouse* v. *Fraenkel,* 211 N. Y. 567, 569.)

It is also to be noted that the alleged four-weekly periods began on December 17, 1924, and that in April, 1925, the period would have ended on the eighth, but in the notice set forth in the petition it was stated to be the eleventh, so that in a sense the defendants would have entered on the fifth period with the consent of the

plaintiff.   But the petitioner may have thought to allow the three days as grace or she may have erroneously computed the time.

At any rate, having found that the tenancy was for an indefinite time, I think the case is clearly and necessarily distinguishable from *Hand* v. *Knaul* (*supra*), where I held that no notice was necessary.

Judgment affirmed.