OPINION OF THE COURT
Anthony J. Gigliotti, J.
The petitioner commenced the summary proceeding to re *1055 gain possession of real property resulting from an alleged "lock-out” by the respondent. Pursuant to jurisdiction conveyed by the Syracuse City Court Act, as amended by chapter 470 of the Laws of the State of New York, enacted on July 20, 1984, the court is asked to permanently enjoin the respondent from denying the petitioner notice and judicial process under RPAPL article 7.
On or about November 18, 1987, the petitioner became a resident at the Y.W.C.A. of Syracuse, Inc., which houses individuals and women with children at a dormitory-type facility containing 30 private bedrooms and common eating, bathing, and recreational areas. Upon taking occupancy, the petitioner executed a document entitled "Residential Agreement” wherein the respondent agreed to provide an undesignated private, furnished room, other shared living facilities and supportive services and therein assigned a named individual who would act as the petitioner’s program counselor. In said agreement, the petitioner resident agreed to become a member of the Y.W.C.A., to work cooperatively with her counselor, to pay rent, and to follow the rules enumerated therein and in a "Residence Handbook”. The agreement specifies a weekly rent amount, a security amount and its purpose. The petitioner, in fact, paid a month’s rent in advance for December 1987.
However, from December 12 to December 16, 1987, the petitioner was involuntarily hospitalized pursuant to the Mental Hygiene Law. Upon her release, the petitioner was denied access to the residence which is the subject of this proceeding.
The respondent maintains that its facility and the services provided to the residents therein do not result in the creation of landlord-tenant relationships governed by RPAPL article 7.
The provision of individual support services and the communal nature of living arrangements, provided for in the residential agreement, distinguishes the relationship between the respondent and the petitioner from that described in RPAPL 711. The provision of support services and the resident’s cooperation and receptiveness to such services are an integral part of the living arrangements provided for by the respondent. The respondent’s facility is therefore regarded as something other than a rooming house, apartment, or apartment hotel.
The Y.W.C.A. residence is providing shelter for its occupants more in accordance with the provisions of subdivision *1056 (24) of section 2 of the Social Services Law governing "[a] residence for adults * * * providing long-term residential care, room, board”, etc. Evidence was not presented at the hearing, however, which would permit the court to conclude whether the requisite departmental approvals were obtained by the respondent so as to qualify its facility as a "residence for adults”.
If the respondent’s facility would qualify as a residence for adults then the respondent may only attempt to evict the petitioner pursuant to RPAPL 713-a. If the respondent has not obtained the necessary approvals to maintain its facility as a residence for adults under the Social Services Law, then the respondent may only seek to evict the petitioner, upon the grounds provided for in RPAPL 711. In such a case the petitioner’s tenancy will be at will or at sufferance, pursuant to section 228 of the Real Property Law. (Jacob v Jacob, 125 Misc 649 [1925].)
In either event, the petitioner is entitled to continue her occupancy at the Y.W.C.A. residence and the respondent is permanently enjoined from resort to self-help eviction remedies. Since no proof of damages was offered the petitioner is denied said relief. There is no basis for an award of attorney’s fees and therefore all such fees, and court costs are denied.