REICH *v.* McCREA.

*(Supreme Court, General Term, First Department.* March 13, 1891.)

1. LEASE—RIGHT TO SURRENDER.
Under an agreement by which defendant hired from plaintiff furnished rooms in a hotel for a term ending May 1st, defendant had the privilege of giving up the rooms on February 1st on payment of $100 to plaintiff. Defendant left the rooms February 26th. *Held,* that her privilege to surrender them did not continue after February 1st, and her liability under the agreement was not limited to the sum of $100.

2. SAME—EXTINGUISHMENT OF LIABILITY.
Defendant having hired from plaintiff for a certain term furnished rooms in a hotel, with board, and having left the rooms before the expiration of the term, another person, who also occupied rooms and boarded in plaintiff's hotel, offered to take the rooms vacated by defendant. *Held,* that plaintiff was under no obligation to accept such offer in extinguishment of defendant's liability under their agreement.

3. SAME—ABANDONMENT BY TENANT—LIABILITIES.
In an action on such agreement, there was no proof that any profit would have accrued to plaintiff from continuing to supply defendant with board during the remainder of the term. *Held,* that he could recover no damages on that portion of the agreement; but that, the rooms having remained unoccupied until the termination of the agreement, he could recover for the rent remaining unpaid.

Appeals from circuit court, New York county.

Action by Lorenz Reich against Alice S. McCrea. Both parties appeal from a judgment for plaintiff entered on a verdict directed by the court.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Abram Kling,* for plaintiff. *Clark Bell,* for defendant.

DANIELS, J. The verdict was directed for the weekly sum of $65 for the price of rooms from the last of February, 1889, to the first of May following. The defendant entered into the possession of these rooms, which were a part of the hotel known as "The Cambridge," under an agreement securing to her the right of their occupancy and board at the hotel, for the price of $117 a week. She left the hotel on the 26th of February, and did not after that date occupy the rooms, or board at the hotel. It appeared by the bills which were rendered and receipted while she did occupy the rooms that the charge made for them was the sum of $65 a week; and it was for that amount, accruing after she left the hotel to the termination of the period mentioned in the agreement,

that the verdict was directed; and each party has objected to the amount in this manner recovered in the action. The defendant has objected to the right of the plaintiff to recover any sum exceeding, in any event, the sum of $200, under a clause in the agreement reserving to her the privilege of giving up the rooms on the 1st of February by paying the sum of $100 to the plaintiff. But a sufficient answer to this position arises upon the fact that she did not avail herself of this privilege. It was restricted to the 1st day of February, and no privilege was secured to her to surrender the rooms by paying this or any other sum after that date; and it results from this circumstance that her liability could not be restricted to the sum of $100.

It was proved on behalf of the defendant that a Mrs. Andrews, who also boarded and occupied rooms at the hotel, offered to take these rooms after they were vacated by the defendant, but the plaintiff would not consent to that occupancy by her; and a satisfactory reason for withholding that consent arises out of the fact that the plaintiff was not legally bound to consent that Mrs. Andrews should take these rooms, and cease to occupy those of which she at the time had possession. If that had been done, the plaintiff, instead of the rental of the rooms in question, would have lost that of the rooms occupied by Mrs. Andrews; and for that reason no indemnity would result to him for the failure of the defendant to perform her contract if this exchange of rooms had taken place. It was for the plaintiff to determine whether he would consent to it or not; and, as Mrs. Andrews was already his tenant and boarder, he was under no obligation to the defendant to allow her to take the rooms vacated by the latter as an extinguishment of her liability to him under the agreement.

The court, in the direction which was given for a verdict, rejected the claim made by the plaintiff for the payment of the price of the defendant's board during this interval of time. It was not proved in the case that a profit would have accrued to him from continuing to supply the defendant with board during the unexpired period of the agreement; and it was therefore to be presumed that he lost nothing on this part of the contract by the defendant leaving his hotel. His right of recovery was for damages, and that alone. *Wilson* v. *Martin,* 1 Denio, 602; *Howard* v. *Daly,* 61 N. Y. 368. And no damages were proved to have been sustained by him by the failure of the defendant to receive and pay for her board at the hotel. But, as to the rooms, the case was maintained in his favor, for they remained unoccupied from the time the defendant left the hotel until the termination of the agreement, ending on the 1st of May, 1889. The parties have stipulated that upon the appeal the court should be at liberty to make any change, by way of increase or diminution in the amount of the verdict, which might appear necessary to conform it to their legal rights and obligations. But, as no change in the amount appears to be required, no action can be taken under this stipulation by the court. The verdict, as it was recovered only for the weekly compensation charged for the rooms, together with interest thereon, appears to have been right, and the judgment should be affirmed, without costs of the appeals to either party. All concur.