ELIZABETH A. LYDECKER, Respondent, *v.* HENRY M. VALENTINE,
Appellant.

*Contract to pay for room and board — measure of damages for its breach.*

The proper measure of damages for the breach of a contract to pay for room
and board is the profits which the plaintiff would have made if the defendant
had carried out his contract, and proof of the amount of such profits must be
given in order to furnish a basis for the making of an estimate of such
damages.

APPEAL by the defendant, Henry M. Valentine, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of Rockland county on the 3d day of October, 1892,
upon a verdict rendered at the Rockland Circuit, and from an order
denying the defendant's motion for a new trial made upon the
minutes.

*Snider & Hopper*, for the appellant.

*A. S. Tompkins*, for the respondent.

PRATT, J.:

This action was for damages for breach of a contract for rooms
and board with the plaintiff.

The complaint alleged that the defendant agreed to pay plaintiff
for a room and board fourteen dollars per week from May 1 to
November 1, 1890. That he did so pay until June 1, 1890, when
he left the premises.

The court charged the jury that the plaintiff was entitled to
recover the amount of the contract price for board and room less
the amount of $107, which the plaintiff had from other parties for
the same room. This we think was error. The damages could not
be the whole contract price, but only what the plaintiff lost by
defendant not being there, *i. e.*, the profits she would have made if
defendant had carried out the contract.

The defendant's counsel asked the court to charge that propo-
sition, but the court refused, to which exception was taken.

The case was bare of evidence on which damages could be com-
puted. The plaintiff ought to have proved how much profit she

could have made if defendant had kept his contract, as a basis for the jury to estimate the damages. (See *Wetmore* v. *Jaffray*, 9 Hun, 140; *De Lavalette* v. *Wendt*, 11 id. 432.)

The judgment should be reversed and new trial granted, costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.