(6 Misc. Rep. 207.)

### STRAKOSCH v. WRAY.

(City Court of New York, General Term. December 8, 1893.)

BOARDING HOUSE KEEPERS—MEASURE OF DAMAGES.

In an action by a boarding house keeper against persons who engaged board and lodgings, but failed to take the agreed accommodations, the measure of damages is not what the parties agreed to pay, but what plaintiff lost in consequence of the breach.

Appeal from trial term.

Action by Catharine B. Strakosch against Josiah R. Wray, as treasurer of the Eleventh International Christian Endeavor Convention. From a judgment entered on a verdict in favor of plaintiff, defendant appeals.

Argued before EHRLICH, C. J., and NEWBURGER, J.

Goeller & Warren, for appellant.

Julius Lehmann, for respondent.

EHRLICH, C. J. The plaintiff, a boarding house keeper, agreed to furnish board and lodging to 45 persons, to be sent to her house by the committee of the Eleventh International Christian Endeavor Convention, of which the defendant was treasurer. The members of the committee resolved themselves into an organization answering the description, under our Code, of a joint-stock association. Code, § 1919; Ebbinghausen v. Worth Club, 4 Abb. N. C. 300; Clancy v. Terhune, 1 City Ct. R. 239; Cohn v. Borst, 36 Hun, 562. The committee assumed charge of everything connected with the enterprise, and made all contracts required to give efficacy to the movement. The undertaking was a laudable one, capable of beneficial results. The plaintiff gave credit to the committee, and made her contract on the faith of the responsibility of its members. She might have been more exacting, by requiring some one to agree to be responsible for the contract, but, considering the high character of the people with whom she was dealing, in all probability, deemed this precaution unnecessary. The claim seems to be a

meritorious one, and ought to be discharged in a practical manner, by its payment. If the plaintiff cannot recover in the form in which the recovery has been allowed, we fail to see how she is to obtain redress for the wrong. The only serious objection we find to the recovery is the measure of damages applied. The plaintiff was entitled to the actual loss resulting from the breach, and nothing more. The trial judge should have allowed the questions put at folio 115, and should have charged as requested by the defendant's counsel at folio 146. The true measure of damages by a boarding house keeper against those engaging board and lodging, and not taking the agreed accommodations, is not what the parties agreed to pay, but. what the plaintiff lost in consequence of the breach. Lydecker v. Valentine, 71 Hun, 194, 24 N. Y. Supp. 567; Wetmore v. Jaffray, 9 Hun, 140; Lavalette v. Wendt, 11 Hun, 432; Reich v. McCrea, (Sup.) 13 N. Y. Supp. 650; Wilson v. Martin, 1 Denio, 602. For this error the judgment must be reversed, and a new trial ordered, with costs to appellant, to abide the event.

