OPINION OF THE COURT
Bentley Kassal, J.
BACKGROUND
Plaintiffs previously moved for an order enjoining defendants, their agents, assigns, employees and attorneys, from evicting or interfering with the possession of the plaintiffs of their housing accommodations in the Hotel Winslow. By my order dated June 22, 1977 (NYLJ, July 6, 1977, p 7, col 3), I referred to the Special Referee these issues: (1) whether the Hotel Winslow is a "rooming house” for the purposes of section 711 of the Real Property Actions and Proceedings Law, and (2) whether a landlord-tenant relationship, nevertheless, *378 exists between plaintiffs and defendants under the criteria listed in my order.
REPORT OF SPECIAL REFEREE
After a hearing, former Justice George M. Carney, as Special Referee, submitted a report, with his findings, in essence, that: (1) the Hotel Winslow is not a "rooming house”; and (2) that nevertheless, a landlord-tenant relationship was established and exists between the plaintiffs and the defendants.
PRESENT APPLICATION
Plaintiffs now move for multiple relief which is decided as follows:
(1) The motion for an order, pursuant to CPLR 2004, extending the time, nunc pro tunc, within which to move, pursuant to CPLR 4403, to modify and confirm the report of the Special Referee, is granted, in the interests of justice, and especially since the defendants have demonstrated no prejudice which might result therefrom.
(2) The motion to modify the prior order of this court, which directed a hearing upon specific issues, is denied. In essence, this branch of the motion seeks a judicial declaration that section 711 of the Real Property Actions and Proceedings Law applies to all residents of single-room occupancy facilities who have occupied the premises for more than 30 days. The express language of section 711 of the Real Property Actions and Proceedings Law prohibits the removal of occupants of "a rooming house in a city having a population of one million or more” except by means of summary proceedings.
In support of this position plaintiffs offer the following argument: "There are tens of thousands of persons who reside in a single room occupancy facilities. Neither the legislature, nor, it is respectfully suggested, this Court on further consideration, can have intended that there be either the lengthy delay or the extraordinary expenditure of resources present in this case, every time a landlord tries to evict a resident of a single room occupancy facility without first going to court.”
However much plaintiffs may desire that this court establish uniform rules for all proceedings to terminate the tenancy of residents of single-room occupancy dwellings by redefining the term "rooming house” as it appears in the Real *379 Property Actions and Proceedings Law (and however compelling the problems of residents of single-room occupancy dwellings may be) that is clearly not the appropriate role for a court.
It was certainly within the discretion of the Legislature to differentiate between the rights and remedies afforded to transient hotel guests and those given to more permanent residents, and to differentiate on the basis of the number of rooms in a particular premises. The court notes that the Legislature also limited the application of this section to occupants of "a rooming house in a city having a population of one million or more” (italics added). Following plaintiffs’ argument to its logical conclusion, the court should also eliminate the underlined restriction imposed by the Legislature.
The Legislature expressly limited the application of section 711 of the Real Property Actions and Proceedings Law. The legislative history of this section, contrary to what plaintiffs contend, clearly illustrates that this limitation was intended.
After extensively discussing the problems of occupants of rooming houses, the memorandum submitted by the State Rent Commission in support of the bill (L 1956, ch 565) concludes: "It should be emphasized that the proposed amendment will not apply to hotel tenants or to transient rooming house residents, but only to rooming house tenants who have been in occupancy for 30 consecutive days or more — i.e., to permanent rooming house residents.” (NY Legis Ann, 1956, p 244.)
Governor Harriman’s message in approving the bill stated: "The law will apply only to New York City, where there are some 227,000 registered rooming house units.” (NY Legis Ann, 1956, p 466.)
Until such time as the Legislature acts to amend this definition or add additional categories, the court must apply the existing law and not legislate.
Finally, since the Special Referee has found the plaintiffs to be protected as "tenants” under the Real Property Actions and Proceedings Law, it is unnecessary to engage in hypothetical questions as the answers, in any event, would only be dicta.
(3) I hereby confirm in all respects the report submitted by the Special Referee herein, which was obviously carefully and *380 well prepared, with the modifications indicated hereinabove. I specifically find plaintiffs are, in fact, "tenants” for the purposes of the Real Property Actions and Proceedings Law and, as such, may only be evicted by means of summary proceedings.
Accordingly, an injunction shall issue enjoining the defendants, their agents, employees and attorneys from evicting, threatening to evict or interfering with the possession of any of the plaintiffs of the housing accommodations in the subject premises except through summary proceedings. This is the sole relief in the application before me. Pending submission of an order for settlement herein, the temporary restraining order previously granted shall remain in effect.