OPINION OF THE COURT
Edward H. Lehner, J.
The issue raised on this application is whether a person who had resided in a hotel for four months may be locked out of her rooms without legal process.
Here movant, Ms. Marie Mann, rented a room at the Hotel Beverly (a full service hotel) on November 23, 1983, , and on February 2, 1984 rented an additional room. On March 22,1984, when she allegedly owed $11,398.92 (having paid only $250 during her entire stay), she was locked out of her rooms.
The rule in this State is that a hotel need not invoke court process to remove a transient occupant. (People v Lerhinan, 90 AD2d 74; Jacob v Jacob, 125 Misc 649; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 1189.) However, a landlord-tenant relationship may, aside from statutory provisions, be established between a hotel and an occupant so as to mandate the institution of summary proceedings in order to evict (Bolotnikov v Katz, 95 Misc 2d 377), and a hotel occupant may, depending on the length of residence and rental, be protected by the Rent *116 Stabilization Law (Administrative Code of City of New York, §§ YY51-3.1, YY51-5.0, subd e).
RPAPL 711 sets forth grounds upon which a summary proceeding may be commenced. Prior to the enactment of chapter 739 of the Laws of 1982, the opening paragraph of the section provided that an occupant of a rooming house in possession for 30 days could not be removed except through summary proceedings. The paragraph contained no reference to hotels. The 1982 amendment repealed the foregoing and replaced it with the following. “A tenant shall include an occupant of one or more rooms in a rooming house or a resident, not including a transient occupant, of one or more rooms in a hotel who has been in possession for thirty consecutive days or longer; he shall not be removed from possession except in a special proceeding.”
In the memorandum submitted with the legislation, the sponsors (Assemblyman Gottfried and Senator Calandra) state that their purpose was to resolve the problem raised in Bolotnikov v Katz (supra), where the court ruled that RPAPL 711 does not, by reason of the specific language making it only applicable to rooming houses, cover all single-room occupancy facilities. The memorandum concludes by indicating that the amendment is intended “to include all residential hotels (not just rooming houses) where a resident has been in possession for thirty consecutive days or more.”
The hotel argues that because Ms. Mann registered for a two-day stay and was granted extensions only because of certain alleged misrepresentations, she is a transient and not protected by the foregoing amendment.
Under the wording of the statute a person can be considered a transient and thus be subject to eviction without legal process though having lived in a hotel for over 30 days, as the 30-day residency is not the sole test for determining applicability. If it were, the phrase “not including a transient occupant” would be surplusage. Hence, the resolution of this motion turns on the definition of the word “transient”.
There is no precise test for determining whether one is a transient provided by statute or case law, the meaning depending on the context. (See State v Anonymous, 34 *117 Conn 603.) Webster’s New Collegiate Dictionary defines the term as “passing through or by a place with only a brief stay or sojourn.” “Transient” has been considered the opposite of “resident” (see The Leontios Teryazos, 45 F Supp 618), and with respect to a hotel, is one who has a home elsewhere and is staying at the hotel for a short period in connection with a trip away from home.
Under the facts herein, it is clear that movant may not be considered a transient. There is nothing to indicate that she has any other residence, and although hotels normally require a transient guest to provide a home address, the hotel has no other address for her. Here, after being in possession for three months and having paid only $250 on a bill that ran into the thousands of dollars, rather than take action against her, the hotel rented Ms. Mann an additional room. Whether or not she misrepresented her financial status and the source of funds from which she was going to pay the rental bill is irrelevant to the determination of her status as a tenant.
Consequently, the hotel acted improperly in locking Ms. Mann out of her rooms. If money was owing to it, the hotel had the obligation of instituting legal proceedings to recover possession. Having instead used self-help, it now faces the consequences of its unlawful actions.
In light of the above, the court grants movant’s application and hereby orders the Hotel Beverly to forthwith restore Ms. Mann to possession of the rooms which she was occupying prior to being locked out provided she presents herself to the hotel for restoration within 20 days from the date hereof.