■ 459 West 43rd Street Corporation, Respondent-Appellant, v New York State Division of Housing and Community Renewal, Appellant-Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 25, 1988, which denied defendant-appellant's motion to dismiss as time barred the fourth and fifth causes of action in the complaint for a declaratory judgment, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of declaring plaintiff's challenge to the promulgation of section 2522.5 (c) (2) of the Rent Stabilization Code (9 NYCRR) to be barred by the four-month period of limitation of CPLR 217. Order of said court, entered on or about September 19, 1988, which denied plaintiff-respondent-cross-appellant's motion and defendant-appellant-cross-respondent's cross motion for summary judgment, unanimously modified, on the law and the facts, to grant defendant-appellant-cross-respondent's cross motion for summary judgment to the extent of declaring that the New York State Division of Housing and Community Renewal is vested with legal authority under section 26-518 (c) of the Rent Stabilization Law of 1969 (Administrative Code of the City of New York) to compel compliance with the duly promulgated section 2522.5 (c) (2) of the Rent Stabilization Code, as amended, and otherwise affirmed, without costs and without disbursements.

The Omnibus Housing Act passed by the Legislature in 1983 vested responsibility for administering the New York City Rent Stabilization and Rent Control Laws in defendant-appellant, the New York State Division of Housing and Community Renewal (L 1983, ch 403). Appellant's mandate was further enlarged by the Legislature in 1985. The Real Estate and Hotel Industry Stabilization Associations, which had been delegated quasi-legislative authority to promulgate the Rent Stabilization Codes applicable to the members of their association, were divested of all powers and authority under the Rent Stabilization Law. (L 1985, ch 888, *amdg* Administrative Code §§ YY51-6.0 [now § 26-511] and YY51-6.1 [now § 26-518].)

Although the stabilization codes previously promulgated by the industry associations were continued, appellant was vested with power to amend the codes. The Legislature, however, stipulated that no amendment to the code "shall impair or diminish any right or remedy granted to any party by this law or any other provision of law." (Administrative Code § 26-518 [a].) The Legislature also decreed that each landlord subject to the Rent Stabilization Law "shall furnish to each permanent

tenant signing a new or renewal lease, a rider describing the rights and duties of owners and tenants" under the law. (Administrative Code § 26-518 [c].) Appellant was given responsibility for promulgating this rider.

Plaintiff-respondent, the owner of the Diplomat Hotel, which is subject to the Rent Stabilization Law, brought this declaratory judgment action challenging the code provision promulgated by appellant pursuant to the legislative authorization of section 26-518 (c). The challenged provision (9 NYCRR 2522.5 [c] [2]) requires owners to give notice "to each person, at the time of registration", describing "a hotel occupant's right to become a permanent tenant at a legal regulated rent by requesting a lease for a term of at least six months at any time during his or her occupancy." Respondent contends that appellant was without legal authority under section 26-518 (c) to require hotel owners to serve such a notice of rights on all hotel registrants, and that appellant, in adopting the disputed notice provision, failed to comply with the procedures set forth in section 26-518 (c).

Before serving its answer, appellant moved to dismiss the fourth and fifth causes of action, which alleged procedural violations, as time barred. According to appellant, the four-month period of limitation set forth in State Administrative Procedure Act § 202 (8) or, alternatively, the four-month period of limitation on CPLR article 78 proceedings against a body or public officer of CPLR 217, applied to this action which was commenced seven months after the amended Rent Stabilization Code became effective on May 1, 1987.

Supreme Court denied appellant's motion, finding that the action was governed by the six-year period of limitation applicable to declaratory judgment actions (CPLR 213 [1]). This ruling was erroneous and contrary to the holdings in *Press v County of Monroe* (50 NY2d 695 [1980]) and *Solnick v Whalen* (49 NY2d 224 [1980]). In *Solnick,* the Court of Appeals held that the period of limitation for a particular declaratory judgment action must be determined based upon the substance of the action and the nature of the relief sought. If it is determined that the underlying dispute can be resolved "through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action" (49 NY2d, *supra,* at 229-230).

A challenge addressed not to the substance of a legislative act but to the procedure by which it was enacted may be

presented in an article 78 proceeding *(Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 201 [1987]). Thus, the fourth and fifth causes of action alleging violation of the procedure specified for promulgating amendments to the Rent Stabilization Code were subject to the four-month period of limitation for article 78 proceedings.

Respondent maintains that because appellant delayed imposition of sanctions for failure to provide the required notice three times—first until June 1, 1987, then until July 1, and, finally, until October 30, 1987—the challenged provision did not become final and binding until October 30 and, hence the period of limitation did not begin to run until that date. We do not agree. The fact that appellant voluntarily accorded hotel owners a "grace period" (due to appellant's delay in making the text of the notice available) did not vitiate the finality of the challenged provision. Respondent does not contest the wording of the notice itself, but rather the requirement that any notice at all be given to hotel registrants without regard to whether they are transient or permanent. Clearly, this aspect of the code provision was not affected by appellant's decision to forebear temporarily from exacting the penalty for noncompliance. Even if the grace period created some uncertainty, which we do not think it did, appellant's letter of July 14 announcing the October 30 deadline was sufficient to put respondent on notice and, therefore, the period of limitation must be deemed to have begun, at the latest, on July 14, 1987. Respondent's suit, filed on December 28, was still untimely. Appellant's motion should, therefore, have been granted and a declaration issued that the fourth and fifth causes of action were time barred. *(See, Lanza v Wagner,* 11 NY2d 317 [1962]; *Sweeney v Cannon,* 30 NY2d 633 [1972] [where plaintiff is not entitled to the declaration sought, the court should not dismiss the complaint but should direct judgment in favor of a prevailing party, declaring what the law is]; *Daly v Becker,* 109 AD2d 651, 652 [1st Dept 1985].)

After appellant had submitted its answer, respondent moved for summary judgment. Appellant cross-moved for summary judgment and for leave to amend the answer. The latter branch of the cross motion, which was unopposed, was granted. However, the court denied summary judgment to both parties without prejudice to renewal after completion of discovery. The court concluded that sufficient facts to defeat summary judgment "may exist but cannot now be stated." Upon review of the record, however, we find that respondent has failed to establish that the subject code provision was

contrary to the statutory authorization pursuant to which it was adopted or that appellant acted arbitrarily or capriciously *(Stein v Rent Guidelines Bd.,* 127 AD2d 189, 194-195 [1st Dept 1987]; *Matter of Association of Commercial Prop. Owners v New York City Loft Bd.,* 118 AD2d 312, 314-315 [1st Dept 1986]).

The prior code promulgated by the Metropolitan Hotel Industry Stabilization Association, Inc. (METHISA) required owners to provide notice to occupants "upon registration in a unit subject to the Rent Stabilization Law" (METHISA Code § 27 [a]) describing their rights under the law. METHISA Code § 27 (b) also stated that "an occupant who has never had a lease may request a lease at the permissible rent at any time during his occupancy". The owner was obligated to provide a lease for at least six months within 15 days following the occupant's request.

Respondent contends that the challenged provision promulgated by appellant confers rights on transient occupants who, respondent contends, were without rights under the previous code, by grouping them together with "hotel tenants" whom the law was intended to protect. The plain language of the METHISA Code, however, does not support respondent's contention. While it is true that section 2 (b) (10) of the METHISA Code exempted dwelling units occupied on a "transient basis", that code clearly required an owner to give a six-month lease to "an occupant who has never had a lease" (METHISA Code § 27 [b]) if the occupant so requested at any time during his occupancy. A transient occupant had, therefore, a right to become a "tenant". The new provision requiring notice to each person at the time of registration does not create any new substantive right, but merely obligates owners to inform hotel registrants of their existing right to accede to the status of "tenant" by obtaining a six-month lease.

The notice requirement promulgated by appellant is not only consistent with the intendment of the statute but furthers its goal of insuring that the rights of hotel occupants not be frustrated due to the occupant's ignorance of the law. As a remedial measure to alleviate the existing housing emergency, the Rent Stabilization Law and the code promulgated thereunder should be liberally construed to effect the legislative intent of protecting tenants and the public interest *(Festa v Leshen,* 145 AD2d 49, 55-57 [1st Dept 1989]). We find that appellant acted in accordance with its statutory mandate in adopting section 2522.5 (c) (2) and, therefore, Supreme Court erred in denying appellant's cross motion for summary judg-

ment. Concur—Sullivan, J. P., Asch, Kassal and Rosenberger, JJ.