OPINION OF THE COURT
Douglas E. Hoffman, J.
This illegal eviction proceeding presents the issue of whether a landlord may evict, without process of law, a person who registers for a rent-stabilized hotel room for one night and promptly requests a lease pursuant to the hotel stabilization provisions of the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) (RSL) and the Rent Stabilization Code (9 NYCRR parts 2520-2530) (RSC). The court concludes that respondent may not, and therefore committed an illegal eviction.
FACTS
Petitioner Cynthia Ann Nutter registered for a rent-stabilized room at the Washington Jefferson Hotel at approximately 1:00 p.m. on December 20, 1996, and paid $117 for one night.[1] Petitioner wrote on her registration card that she resided in Texas. She falsely informed the desk clerk that she was visiting New York City to shop and only needed the room for one night.
When petitioner registered, hotel management failed to comply with RSC § 2522.5 (c) (2) by not advising petitioner that she could request a lease and become a permanent tenant.[2] Later in the afternoon of December 20th, petitioner attempted *304 to give respondent’s manager a written demand for a lease of unspecified duration. The manager refused to accept the written lease demand, stating that respondent did not give leases. On December 21, 1996, approximately 15 minutes prior to check-out time, respondent’s manager denied petitioner’s renewed request for a lease and asked petitioner to leave.[3] Upon petitioner’s refusal to leave, respondent had the police remove petitioner. Petitioner’s actual removal by the police occurred shortly after check-out time.
DISCUSSION
Petitioner contends that upon her request for a lease on December 20, 1996, she became a permanent tenant subject to the protection of the Rent Stabilization Law and, therefore, her removal on December 21, 1996 by the police at the direction of respondent was illegal. Respondent disputes this, claiming that it could use self-help to evict petitioner because petitioner was a "transient” within the meaning of RPAPL 711 and therefore had no right to continued occupancy.
ADMINISTRATIVE CODE § 26-521
Unlawful evictions are governed by section 26-521 of the Administrative Code of the City of New York, which provides in pertinent part: "a. It shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who * * * has made a request for a lease for such dwelling unit pursuant to the hotel stabilization provisions of the rent stabilization law except to the extent permitted by law pursuant to a warrant of eviction or other order of a court of competent jurisdiction or a governmental vacate order”.
Petitioner established that she in fact requested a lease while she was an occupant of a rent-stabilized hotel room. Pursuant to RSC § 2522.5 (a) (2), petitioner became a permanent *305 tenant upon issuing her request for a lease, and respondent had to issue her a lease within 15 days for a term of 6 months.[4] Section 2522.5 (a) (2) should be read in pari materia with RSC § 2520.6 (j) which defines "permanent tenant” to include an occupant of a rent-stabilized hotel room who requests a lease of six months or more.[5] Although these two sections may appear somewhat inconsistent, one merely requiring a request for a lease of unspecified duration, the other requiring a request for a lease of at least six months’ duration to qualify an occupant as a permanent tenant, the purposes of these provisions of the rent stabilization laws indicate that the request for a lease, evincing an intent to accede to tenancy status, is what triggers the protection of the rent stabilization laws. (See, 459 W. 43rd St. Corp. v New York State Div. of Hous. & Community Renewal, 152 AD2d 511, 514 [1st Dept 1989].)
In the instant case, petitioner has complied with both provisions of the RSC and has become a permanent tenant. First, petitioner’s written lease request expressly stated that it was her intention to become a permanent tenant by asking for issuance of a lease. By definition, a request to become a permanent tenant means that she is asking for a lease of at least six months’ duration. (RSC § 2520.6 [j].)
Second, even if petitioner’s lease request is not interpreted in the manner set forth above, the court rejects respondent’s contention that petitioner did not become a permanent tenant under the RSC and therefore entitled to protection against *306 self-help eviction because she did not expressly request a lease of six months’ duration. Respondent acknowledged its failure to comply with RSC § 2522.5 (c) (2), which required respondent to inform petitioner of her right to request a lease and to become a permanent tenant. As noted above, petitioner expressly indicated an intent to become a permanent tenant. The Appellate Division has made clear that section 2522.5 (c) (2) furthered the goal of the RSL and RSC "of insuring that the rights of hotel occupants not be frustrated due to the occupant’s ignorance of the law.” (459 W. 43rd St. Corp. v New York State Div. of Hous. & Community Renewal, supra, at 514.)
This court finds that respondent’s failure to inform petitioner of her rights to become a permanent tenant caused and/or excused any inartful drafting by petitioner of her request for a lease. Accordingly, respondent is estopped from contesting petitioner’s failure specifically to request a lease of at least six months’ duration. "As a remedial measure to alleviate the existing housing emergency, the Rent Stabilization Law and the code promulgated thereunder should be liberally construed to effect the legislative intent of protecting tenants and the public interest”. (459 W. 43rd St. Corp. v New York State Div. of Hous. & Community Renewal, supra, at 514, citing Festa v Leshen, 145 AD2d 49, 55-57 [1st Dept 1989].) Therefore, respondent must not be permitted to gain from its failure to inform petitioner of her rights.
By requesting a lease and becoming a permanent tenant under the RSC, petitioner qualified for protection against unlawful eviction under Administrative Code § 26-521. Thus, respondent acted illegally in utilizing self-help to remove petitioner from the premises. Pursuant to Administrative Code § 26-521 (b), respondent is obligated to restore petitioner to occupancy.[6]
RPAPL 711
Petitioner has also established that she is a tenant entitled to process of law under RPAPL 711, which provides in *307 pertinent part: "A tenant shall include an occupant of one or more rooms in a rooming house or a resident, not including a transient occupant, of one or more rooms in a hotel who has been in possession for thirty consecutive days or longer; he shall not he removed from possession except in a special proceeding” (emphasis added). RPAPL 711 provides no definition for the term "tenant”.
In contrast, however, the Rent Stabilization Code contains a detailed regulatory scheme which defines both tenant and permanent tenant, and distinguishes them both from hotel "occupant”.[7] By establishing that she became a "permanent tenant” under the RSC, as set forth supra, petitioner became a "tenant” for purposes of the RSC (9 NYCRR 2520.6 [j]), and automatically qualified as a "tenant” for purposes of RPAPL 711 pursuant to RSC § 2500.2 (h).[8]
The protections afforded tenants under the RSC are based upon a finding that a serious public housing emergency exists due, inter alia, to an acute housing shortage. (Administrative Code § 26-501.) Section 26-501 of the Administrative Code provides in pertinent part: "[U]nless residential rents and evictions continue to be regulated and controlled, disruptive practices and abnormal conditions will produce serious threats to the public health, safety and general welfare”. Because the Rent Stabilization Law clearly creates a protected class of residential housing occupants, a "tenant” as defined under the RSC has been treated as a tenant for purposes of RPAPL 711 and therefore entitled to court process prior to eviction. (See, e.g., Bolotnikov v Katz, 95 Misc 2d 377, 380 [Sup Ct, NY County 1978].)
Respondent’s assertion that petitioner is a "transient” and, therefore, pursuant to RPAPL 711, respondent need not institute a special proceeding to remove petitioner is both incorrect and irrelevant because petitioner has already been deemed a tenant for purposes of RPAPL 711 by qualifying as a permanent tenant.
*308 Respondent’s interpretation of RPAPL 711 would permit self-help eviction of those occupying apartments pursuant to rent-stabilized leases, provided that the occupant had not remained in the premises for at least 30 days. This result is clearly contrary to the intent of the rent stabilization laws which provide that a tenant who moves into a rent-stabilized apartment has many of the primary rights associated with a rent-stabilized tenancy as soon as she signs a lease and assumes occupancy, including paying only the legal regulated rent and not being evicted except for cause.
Because the court has found that petitioner is a tenant within the meaning of RPAPL 711, it need not reach the question of whether or not petitioner was additionally protected against self-help eviction by that section because she was not a "transient”. RPAPL 711 expands the class of people protected against self-help eviction by including certain occupants or residents of a rooming house in a hotel within the definition of tenant. RPAPL 711 does not exclude from its shield against self-help eviction those already recognized under the RSC as a "tenant”, even if they did not occupy their apartment for at least 30 consecutive days.[9] Chatham v Chelsea Hotel (NYLJ, Feb. 8, 1995, at 28, col 5 [Civ Ct, NY County]), relied upon by respondent to support its contention that petitioner was not protected against self-help eviction because she was not in occupancy for at least 30 days and was a transient, appears inapposite. To the extent that Chatham is inconsistent with this opinion, the court declines to follow Chatham.
Petitioner in the instant case occupied a room subject to the hotel stabilization provisions of the RSC. Thus, upon requesting a lease while she still was in occupancy, petitioner became a permanent tenant subject to the RSC. In Chatham (supra), on the other hand, the petitioner was merely a hotel occupant who apparently had not paid for a second night when she was ousted from a room not registered with DHCR as rent stabilized. If in fact the room in Chatham was not rent stabilized, the request for a lease would not have made the petitioner a "permanent tenant” protected against self-help eviction. The Chatham court stated that it did not reach the issue of whether the petitioner was protected by the Rent Stabilization Law because she was not in occupancy for at least 30 days. It is this *309 latter holding that this court declines to follow in view of petitioner’s status in the instant case as a permanent tenant under the Rent Stabilization Law, protected against eviction without process of law.[10]
Thus, pursuant to RPAPL 711 and Administrative Code § 26-521, respondent had to employ process of law to oust petitioner from the premises. Accordingly, this court finds that respondent has illegally evicted petitioner and must restore her forthwith to possession of the subject premises.

. This amount greatly exceeds the legal regulated rent for the room.

. RSC § 2522.5 (c) (2) provides in pertinent part: "For housing accommodations in hotels, each owner shall furnish to each person, at the time of *304 registration, a Notice of Rights in a form promulgated or approved by the DHCR, describing the rights and duties of hotel owners, occupants and tenants as provided for under the RSL and this Code and a hotel occupant’s right to become a permanent tenant at a legal regulated rent by requesting a lease for a term of at least six months at any time during his or her occupancy”.

. Respondent’s manager testified that he did not deny petitioner’s request for a lease, but instead told petitioner that he had to consult with his attorney before offering petitioner a lease. Such testimony was not corroborated by respondent’s desk clerk and the court does not credit the testimony of respondent’s manager in this regard. The result in any case was the same: respondent refused to offer petitioner a lease after she requested one.

. RSC § 2522.5 (a) (2) provides: "For housing accommodations in hotels rented to an occupant who has never had a lease, such occupant may at any time during his or her occupancy request a lease and the owner must, within 15 days after such request, grant a lease commencing on the date such request was made at a rent which does not exceed the legal regulated rent, for a term of at least six months. The hotel occupant who requests such a lease becomes a permanent tenant but the lease need not be renewed. Notwithstanding the above, an owner shall not refuse to grant a lease or to extend or continue a tenancy in order to prevent the hotel occupant from becoming a permanent tenant, except to the extent that the owner may be permitted to do so by law pursuant to a warrant of eviction, or other order of a court of competent jurisdiction, or a governmental vacate order.”

. RSC § 2520.6 (j) defines a permanent tenant: "For housing accommodations located in hotels, an individual or such individual’s family members residing with such individual, who have continuously resided in the same building as a principal residence for a period of at least six months. In addition, a hotel occupant who requests a lease of six months or more pursuant to section 2522.5(a)(2) of this Title * * * shall be a permanent tenant even if actual occupancy is less than six months. Unless otherwise specified, reference in this Code to 'tenant’ shall include permanent tenant with respect to hotels” (emphasis added).

. Administrative Code § 26-521 (b) provides: "It shall be unlawful for an owner of a dwelling unit to fail to take all reasonable and necessary action to restore to occupancy an occupant of a dwelling unit who either vacates, has been removed from or is otherwise prevented from occupying a dwelling unit as the result of any of the acts or omissions prescribed in subdivision a of this section and to provide to such occupant a dwelling unit within such dwelling suitable for occupancy, after being requested to do so by such occupant or the representative of such occupant, if such owner either committed such unlawful acts or omissions or knew or had reason to know of such unlawful acts or omissions, or if such acts or omissions occurred within seven days prior to such request.”

. RSC § 2520.6 (m) provides: "Hotel occupant. Any person residing in a housing accommodation in a hotel who is not a permanent tenant. Such person shall not be considered a tenant for the purposes of this Code, but shall be entitled to become a permanent tenant as defined in subdivision (j) of this section, upon compliance with the procedure set forth in each subdivision.”

. RSC § 2500.2 (h) provides: "Tenant. A tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation.”

. See, Mem of Senator John D. Calandra, 1982 NY Legis Ann, at 250. (The bill to amend RPAPL 711 is to ensure that RPAPL provisions apply to all tenants and would expand the mandatory scope of article 7 to include certain occupants of residential hotels.)

. Mann v 125 E. 50th St. Corp. (124 Misc 2d 115 [Civ Ct, NY County 1984], affd 126 Misc 2d 1016 [App Term, 1st Dept 1985]), relied upon by the court in Chatham (supra), held that there is no precise test for determining whether one is a transient within the meaning of RPAPL 711. That determination, the Mann court held, depends upon the entire context of one’s occupancy of the premises, and is not affected by the occupant’s misrepresentations of her financial status or stated purpose in taking occupancy. In the instant matter, petitioner is not a transient as she is, by definition, a permanent tenant under the RSC.